IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAEED MOHAMMED SALEH HATIM, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-1429 (RMU) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS
AND FOR CONTINUED COORDINATION AND OPPOSITION TO
PETITIONERS' MOTION FOR WRIT OF HABEAS CORPUS
OR ORDER TO SHOW CAUSE**

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals and for continued coordination and its opposition to petitioners' motion for writ of habeas corpus or order to show cause in the above-captioned case.[1]

**ARGUMENT**

While petitioners concede that a stay is appropriate in this case, Pets' Mem. at 1, petitioners still insist a factual return should be filed in this case and that respondents should be required to file a factual return prior to August 30, 2005. Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of

---

[1] Petitioners' style their August 8, 2005 filing as both a conditional consent to respondents' motion to stay and a reply to respondents' opposition to petitioners' motion for writ of habeas corpus or order to show cause. However, respondents had not yet filed an opposition to petitioners' motion for writ of habeas corpus or order to show cause at the time petitioners' memorandum was filed.

factual returns, ignores the cascade effect that would follow from not staying the cases. Presently, there are approximately 115 habeas cases pending on behalf of well over 200 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in <u>Khalid,, et al.</u> and <u>In re Guantanamo Detainee Cases</u>.  A decision to allow submission of factual returns to go forward pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered.  This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward."  <u>See</u> Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in <u>In re Guantanamo Detainee Cases</u> (Feb. 7, 2005) (Green, J.).  Indeed, the decision to allow a filing of a factual return would likely need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioners.  Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned cases, including the filing of factual returns, in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

     In the event the Court orders the submission of factual returns, however, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that

petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in the cases. Petitioners' request that factual returns be filed prior to August 30, 2005, would result in an unnecessary logistical burden for respondents. See, Pets' Mem. at 4-5. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Further, submission of these returns will increase the risks of inadvertent or other disclosure or compromise of classified information. Given that the D.C. Circuit will be considering the proper scope of these proceedings, including whether the claims of petitioners can be dismissed without reference to specific factual returns for petitioners, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioners' counsel access to factual returns which may ultimately prove unnecessary.

Though the submission of factual returns should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary; for example, a schedule for the rolling production of factual returns in these (and potentially other) cases over anything less than the next 10 to 12 weeks would be burdensome. See e.g., Al-Joudi, No. 05-301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Adahi, No. 05-280 (GK) (dkt. no.35) (imposing 90-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Qayed, No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt.

3

no. 12) (imposing 120-day schedule).  At a minimum, respondents should be given the 45-day schedule which this Court has approved for other Guantanamo Bay cases.  See e.g, Al-Oshan v. Bush, 05-CV-0520 (RMU) (dkt. no. 16) (imposing 45-day schedule).

The Court should not subject respondents to a requirement to produce factual returns for the two petitioners in this case in twenty days, i.e., by August 30, 2005.  Petitioners seek such an order based on the claim that they plan to visit petitioners at Guantanamo Bay the first week of September 2005.  Pets' Mem at 4.  As an initial matter, while petitioners' counsel have sought permission to visit Guantanamo Bay August 31 - September 1, 2005, it is not certain that the request can be accommodated.  Ultimately, there may be no need for factual returns by August 30.  Even if the requested visit goes forward, however, requiring two factual returns by August 30 would, in any event, be unduly burdensome, for the reasons discussed above.

Indeed, it would be unduly burdensome to key any requirement to produce factual returns to a scheduled or desired visit to Guantanamo Bay by counsel.  There are a large number of newly filed Guantanamo Bay habeas cases, involving scores of petitioners, in which counsel have or are requesting factual returns and in which counsel visits are being or will likely be requested.  The logistics of making a factual return and the logistics of arranging counsel visits involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can necessarily be completed prior to the visit.  Furthermore, the possibility of return visits to Guantanamo Bay by petitioners' counsel would counter the need for a factual return prior to any particular visit.

For these reasons, the Court should not order the production of factual returns for petitioners in this case, and in no event should it require returns to be produced by August 30, 2005.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals and for continued coordination, and in this supporting reply memorandum, this Court should stay further proceedings in the above-captioned cases pending the appeals of Judge Leon's decision in Khalid, et al. and Judge Green's January 31, 2005 decision in In re Guantanamo Detainee Cases and deny petitioners' motion for an order to show cause. For reasons stated in respondents' separately filed memorandum, respondents oppose petitioners' request for advance notice of an intended transfer of petitioners from Guantanamo Bay, whether as a condition of a stay or otherwise. See Respondents' Memo. in Opp. to Pets' Mot. for Temporary Restraining Order and Prelim. Inj. (dkt no. 13).

Dated: August 11, 2005                    Respectfully submitted,

                                                      PETER D. KEISLER
                                                      Assistant Attorney General

                                                      KENNETH L. WAINSTEIN
                                                      United States Attorney

                                                      DOUGLAS N. LETTER
                                                     Terrorism Litigation Counsel

/s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202)616-8267
Fax:  (202) 616-8202

Attorneys for Respondents