IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDULLAH THANI FARIS AL-ANAZI, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-0345 (JDB)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |
| FAWZI AL ODAH, *et al.*, | ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 02-CV-828 (CKK)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |
| SUHAIL ABDU ANAM, *et al.*, | ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-CV-1194 (HHK)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

| | |
|---|---|
| ABDUL HADI OMER HAMOUD FARAJ, *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) Civil Action No. 05-CV-1490 (PLF)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |
| MOHMOOD SALIM AL-MOHAMMED, *et al.*, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) Civil Action No. 05-CV-247 (HHK)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |
| MOHAMMED, *et al.*, | ) ) |
| Petitioners, | ) ) |
| v. | ) ) Civil Action No. 05-CV-2087 (RMC)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) |
| Respondents. | ) ) |

NABIL, *et al.*,

    Petitioners,

v.    Civil Action No. 05-CV-1504 (RMC)(AK)

GEORGE W. BUSH,
President of the United States, *et al.*,

    Respondents.

---

SAIB, *et al.*,

    Petitioners,

v.    Civil Action No. 05-CV-1353 (RMC)(AK)

GEORGE W. BUSH,
President of the United States, *et al.*,

    Respondents.

---

HASSAN BIN ATTASH, *et al.*,

    Petitioners,

v.    Civil Action No. 05-CV-1592 (RCL)(AK)

GEORGE W. BUSH,
President of the United States, *et al.*,

    Respondents.

|  |  |  |
|---|---|---|
| ABDANNOUR SAMEUR, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1806 (CKK)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |
| MAHMOUD ABDAH, *et al.*, | ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-CV-1254 (HHK)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |
| HDULSALAM ALI ABDULRAHAM AL-HELA, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1048 (RMU)(AK) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

|  |  |
|---|---|
| SAEEK MOHAMMED SALEH HATIM, *et al.*, ) ) ) ) Petitioners, ) ) v. ) ) GEORGE W. BUSH, ) President of the United States, *et al.*, ) ) Respondents. ) ) | Civil Action No. 05-CV-1429 (RMU)(AK) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S SEPTEMBER 25, 2006 ORDER ADDRESSING PRIVILEGE TEAM'S RESPONSIBILITIES UNDER THE PROTECTIVE ORDER**

Respondents hereby submit in the above-captioned cases this reply in support of their motion for reconsideration of Magistrate Judge Alan Kay's September 25, 2006 Order addressing the Privilege Team's responsibilities under the Protective Order.[1]

1. The portions of the Magistrate Judge's Order upon which reconsideration is sought is contrary to law because the Magistrate Judge lacked jurisdiction to order the relief in these cases. As explained in respondents' motion, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), among other things, amended 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy

---

[1] Respondents sought reconsideration of the Magistrate Judge's Order in the thirteen above-captioned cases in which the Order was entered, but petitioners in three of those cases have not opposed respondents' motion. *See Anam v. Bush*, Civil Action No. 04-CV-1194 (HHK); *Al-Mohammed v. Bush*, Civil Action No. 05-CV-247 (HHK); *Sameur v. Bush*, Civil Action No. 05-CV-1806 (CKK). Respondents' motion should be deemed conceded in these three cases. *See* Local Civil Rule 7(b).

combatants at Guantanamo Bay, *id.* § 1005(e)(1), and to create an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, *id.* § 1005(e)(1), (e)(2), (e)(3). Since respondents filed their motion for reconsideration, the President signed into law the Military Commissions Act of 2006, Pub. L. No. 109-___ ("MCA") (enacted on Oct. 17, 2006). The MCA, among other things, again amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions "filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," or (2) "any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," except as provided in section 1005(e)(2) and (e)(3) of the DTA. *See* MCA § 7(a). Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "*to all cases, without exception, pending on or after the date of the enactment of this Act* which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001."[2] *Id.* § 7(b) (emphasis added). Thus, both the DTA, at the time the Magistrate Judge ordered relief, and the MCA, currently, unambiguously provide that District Court jurisdiction does not exist over the

---

[2] The Court of Appeals in certain of the pending Guantanamo detainee appeals, *Boumediene v. Bush*, No. 05-5062 (D.C. Cir.), and *Al Odah v. United States*, No. 05-5064 (D.C. Cir.), has ordered the parties to submit supplemental briefing regarding the significance of the MCA. Such briefing is to be completed by November 20, 2006.

above-captioned cases.

Petitioners attempt circumvent the lack of jurisdiction for the portions of the Order under review by arguing that while the DTA and MCA deprive the courts of jurisdiction over the merits of petitioners' habeas petitions, neither statute prohibits enforcement of the extant Protective Order.  *See* Petrs' Opposition Mem. at 9-10.  Petitioners' argument, however, incorrectly ignores the fact that the portions of the Magistrate Judge's Order under review impose prospective, ongoing requirements and constraints on the Privilege Team.  Consequently, the absence of jurisdiction renders imposition of those requirements and constraints improper.  Moreover, any relief with respect to the counsel access issues under review should be ordered by a forum court that, consistent with MCA and DTA, has jurisdiction with respect to merits claims brought on behalf of petitioners.  That forum is the Court of Appeals.  As explained above, the only review mechanism available to petitioners is the exclusive review provided in the Court of Appeals of a final Combat Status Review Tribunal ("CSRT") decision determining the detainees to be enemy combatants.  Guantanamo detainees have already filed such petitions in the Court of Appeals, and briefing concerning a protective order governing counsel access in those proceedings is currently pending.  *See Bismullah v. Rumsfeld*, Case No. 06-1197 (D.C. Cir.).  Accordingly, continued enforcement of the portions of the Magistrate Judge's Order under review, and the concomitant assertion of jurisdiction by the Court, would be improper because such relief would infringe upon the jurisdictional scheme intended and provided by the amended habeas statute.  *See Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); *cf. id.* at 77

("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").

    2.  In addition to the jurisdictional defects, the portions of the Magistrate Judge's Order under review are clearly erroneous because they require the Privilege Team to perform classification review of all information submitted to it, regardless of whether the information falls within the appropriate scope of the Protective Order.[3]  In support of the Magistrate Judge's conclusion, petitioners' counsel contend that only they are in a position to determine whether a particular document falls within the scope of the Protective Order and, thus, is appropriate for Privilege Team review.  *See* Petrs' Opposition Mem. at 12.  But petitioners' opposition memorandum makes clear that their interpretation of scope of the Protective Order is boundless, such that the limitations in the Protective Order regarding Privilege Team review of non-legal mail and non-privileged communications would be undermined.

    For example, petitioners contend that all "materials brought out of attorney-client

---

[3] Petitioners suggest that respondents' motion for reconsideration is barred under Federal Rule of Civil Procedure 72(a) because respondents are not a proper "party" to the litigation, as petitioners sought relief only with respect to the Privilege Team.  *See* Petrs' Opposition Mem. at 6 n.6.  Petitioners' argument is without merit.  The Privilege Team, of course, is comprised of Department of Defense personnel.  *See* Access Procedures § II.D.  Thus, the Privilege Team, a Department of Defense entity, is not a separate named party in the above-captioned cases; instead, it is a component of respondents.  While the Privilege Team and respondents are represented by separate counsel within the Department of Justice – an arrangement created at respondents' behest in order to protect petitioners' privileged information while permitting the full representation of the Privilege Team before the Court with respect to such matters – such an arrangement does not make the Privilege Team a separate "party" for purposes of this case. Furthermore, respondents' motion is appropriate in light of respondents' interests in the proper administration of a protective order negotiated by respondents and petitioners early on in this litigation.

meetings" are appropriate for submission to the Privilege Team, *id.* at 11, even though the Revised Procedures for Counsel Access ("Access Procedures") place unambiguous restrictions on the type of information that may be submitted to the Privilege Team.  Indeed, section VI.C of the Access Procedures specifically states: "Correspondence or message from a detainee to individuals other than his counsel (including family/friends or other attorneys) *shall not be handled through this process.*"[4] (emphasis added).  *See also* Access Procedures § IV.A.5 ("In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) are sent to counsel as, or included with, legal mail, counsel shall return the documents to military personnel at GTMO for processing according to the standard operating procedures for detainee non-legal mail.").  Despite the clear limitation in the Access Procedures, petitioners' counsel speculate that various documents such as a last will and testament and a letter addressed to "the world" are properly subject to Privilege Team review because such materials may ultimately be used "for the purposes of litigating" the detainee's habeas corpus case.  *See* Petrs' Opposition Mem. at 12; Access Procedures § I (stating that privilege access to detainees is for "for purposes of litigating the cases in which this Order is issued").  But petitioners' counsel's speculation regarding the potential use of such documents in future proceedings has the practical effect of bringing any document, no matter how attenuated from the habeas litigation, within the scope of the Access Procedures requiring Privilege Team review.  Not only is such a reading of the Access Procedures is incorrect, but it also improperly transforms the Privilege Team into an omnibus classification review body without regard to the

---

[4] Instead, counsel is required to "give those communications to military personnel at Guantanamo so they can be processed under the standard operating procedures for detainee non-legal mail." *See* Access Procedures § VI.C.

clear limitations in the Access Procedures regarding the proper scope of Privilege Team review.[5]

Petitioners' also claim that the remedy proposed by Magistrate Judge Kay for misuse of Privilege Team review – reporting the violation to the Court – is sufficient to curb any potential violations of the Protective Order and Access Procedures. But this remedy is completely hollow under petitioners' extraordinarily broad view of the type of documents that are appropriate for submission to the Privilege Team. Indeed, if, as petitioners' suggest, every document has some speculative relevance to the habeas litigation, and such speculative relevance trumps all other aspects of the protective order, there can be no violations of the Access Procedures. To avoid such a regime, the Privilege Team must have the authority to refuse to perform classification review of materials that fall outside the scope of the Access Procedures.

For the reasons stated above, the Court should vacate that portion of the Magistrate Judge's September 25, 2006 Order requiring the Privilege Team to conduct classification review of all materials and prohibiting the Privilege Team from refusing to conduct such review when it believes materials have been improperly submitted in violation of the protective order.

Dated: November 9, 2006         Respectfully submitted,

                                PETER D. KEISLER
                                Assistant Attorney General

                                DOUGLAS N. LETTER
                                Terrorism Litigation Counsel

---

[5] Petitioners' counsel, of course, retain use of materials brought out of counsel meetings with detainees that are not reviewed by the Privilege Team. Such material is available in the secure work facility for counsel, or otherwise if counsel submits the materials to Guantanamo for processing as contemplated in the Access Procedures.

          /*s*/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-49)
NICHOLAS J. PATTERSON
EDWARD H. WHITE
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents