# EXHIBIT B

Filed with Court Security Officer 4/12/07                    Cleared for public filing 4/13/07

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Khaled A. F. Al Odah, Next Friend of Fawzi Khalid A.F. Al Odah, *et al.*, Appellees, <br><br> v. <br><br> United States of America, et al. Appellants | Case Nos. 05-5064, consolidated with 05-5095, 05-5096, 05-5099, 05-5100, 05-5101, 05-5102, 05-5105, 05-5106, 05-5107, 05-5108, 05-5109, 05-5110, 05-5111, 05-5112, 05-5113, 05-5114, 05-5115, and 05-5116 [1] |

**APPELLEES' MOTION TO GOVERN AND
REPLY TO THE GOVERNMENT'S OPPOSITION TO
MOTION TO STAY ISSUANCE OF THE MANDATE**

Appellees' immediate goal is to avoid a "procedure gap" that would leave them, for any period of time, without a protective order providing an enforceable framework for access to and communications with counsel and for counsel's handling of classified and protected information; without 30-day notice orders or similar orders allowing Appellees to resist transfer to countries or facilities where they might be subject to torture or other abuse; and without counsel access to unredacted versions of the classified returns that the government puts forth as the sole basis for review by this Court under the Detainee Treatment Act of 2005 ("DTA"). Appellees also seek to

---

[1] In light of certain developments in their cases, Appellees in *Rasul v. Gyurisko*, Nos. 05-5097 & 05-5098, and in *Khadr v. Bush*, Nos. 05-5103 & 05-5104, do not join this motion.

avoid dismissal of these cases pending (1) Appellees' exhaustion of their DTA remedies, as Justices Stevens and Kennedy suggested in their statement respecting the denial of certiorari in these cases, and (2) Appellees' filing of a new petition for certiorari, after exhausting their DTA remedies, to review this Court's ruling that the Military Commissions Act of 2006 ("MCA") validly divested the Court of jurisdiction over these cases. Appellants are preparing to file DTA actions.

To these ends, Appellees respectfully move for the following relief. The government opposes this motion.

1. Appellees request that the Court stay the mandate in these cases. Appellees in *Abdah v. Bush*, Nos. 05-5115 & 05-5116 filed a motion requesting such relief on April 9, 2007; the other Appellees in the above-captioned cases joined that motion in a filing on April 11, 2007. The *Abdah* motion, attached as Exhibit A, explains why the Court should stay the mandate. The government filed an opposition to that motion on April 11, 2007.[2]

The government suggests that, if the Court stays the mandate, Appellees might attempt to continue to litigate these cases in the district court while exhausting their DTA remedies in this Court. Resps.' Opp. 6. That

---

[2] In its opposition, the government mistakenly stated that only Appellants in *Abdah* sought to stay the mandate. *See* Resps.' Opp. 3 n.1.

2

suggestion is groundless because the district courts will lack jurisdiction over the substance of these cases until the mandate issues. The government never explains how staying the issuance of the mandate in these cases would yield the parade of horribles it conjures. *Id.* at 1, 5.

In addition to the points set forth in Appellees' motion to stay the mandate, Appellees invite the Court's attention to the fact that two petitions are pending in the Supreme Court that bear directly on this Court's MCA jurisdictional holding. First is a petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169 (D.C. Cir. No. 07-5042), seeking review of a decision of District Judge Robertson on the same MCA jurisdictional issue decided by this Court in these cases. *Hamdan v. Rumsfeld*, Civil Action No. 04-1519 (JR) (D.D.C. Dec. 13, 2006). On March 22, 2007, this Court held Hamdan's appeal in abeyance pending action by the Supreme Court on his certiorari petition. Hamdan filed his reply brief in support of certiorari on April 10, 2007, and counsel for Appellees are advised that the Clerk has distributed the papers for consideration at the Conference scheduled for April 27, 2007.

Second is an original habeas petition, *In re Ali*, No. 06-1194, that directly challenges the Court's MCA jurisdictional holding in these cases. The Supreme Court considered the *Ali* petition sufficiently worthy of considera-

3

tion that it directed the Solicitor General to respond. The Solicitor General's response is due on April 16, 2007. Counsel are advised that the Clerk will distribute the papers for consideration at the Conference scheduled for May 17, 2007, unless the Solicitor General seeks an extension of time in which to file the government's brief in opposition.

Appellees respectfully suggest that it would be premature to issue the mandate or even to rule on this motion to govern before the Supreme Court acts on the *Hamdan* and *Ali* petitions.

2. If the Court denies the requested stay, the Court should avoid a "procedure gap" by directing the district court not to dismiss these cases before this Court has adopted procedures to govern DTA actions that would take the place of the procedures adopted by the district court. The procedures adopted by the district court address matters that will have to be addressed in the DTA setting. Those matters are as basic as Appellees' access to and communications with their counsel, and for counsel's handling of classified and protected information (a matter addressed by the district court's protective order); Appellees' ability to resist transfer to countries or facilities where they might be subject to torture or other abuse (a matter addressed by the district court's 30-day-notice and similar orders); and counsel access to unredacted versions of the classified returns that the government puts forth

4

as the sole basis for DTA review (a matter addressed by the district court's order requiring the government to provide counsel with unredacted classified factual returns).[3]

The government challenged the district court's 30-day notice and similar orders, see *Abdah v. Bush*, No. 05-5224 (and consolidated cases), and *Al Ginco v. Bush*, No. 06-5191 (and consolidated cases), and the government argues in *Bismullah v. Gates*, No. 06-1197 and *Parhat v. Gates*, No. 06-1397, pending before another panel of this Court, that the protective order entered by the district court should not govern DTA actions.

For present purposes, however, it is immaterial whether the district court's procedures *should* govern DTA actions. As long as the law affords Appellees *some* judicial process, *some* procedures must be in place to address at least *some* of the matters covered by the existing procedures. For the Court to allow those procedures to lapse, before the Court has adopted procedures that would take their place, would create a procedural vacuum giving the government unilateral control over the matters now covered by those procedures until further action by this Court. The procedural vacuum not only would leave the handling of those matters wholly at the govern-

---

[3]    Appellees in *Al Odah v. United States*, No. 05-5117, did not seek a 30-day notice order, and such an order was not entered in their case.

5

ment's discretion in the "gap" period but could have serious implications for this Court's jurisdiction under the DTA.

A motion to set procedures is pending before another panel of the Court in *Bismullah* and *Parhat*. Briefing in those appeals is nearly complete, and argument is scheduled for May 15, 2007. In addition, a motion to proceed with DTA review is pending before yet another panel of this Court in *Paracha v. Gates*, No. 06-1038. On April 9, 2007, the panel issued an order setting a briefing schedule, calendaring argument for September 17, 2007, and directing the parties in their briefs "to take into account the court's disposition of [*Bismullah* and *Parhat*] in addressing issues related to discovery and this court's scope of review."

Appellees have already suggested that it would be premature to issue the mandate or even to rule on this motion to govern before the Supreme Court acts on the *Hamdan* and *Ali* petitions. In any event, by one means or another, including a direction to the district court on remand, the Court should preserve the *status quo* with respect to procedures at least pending the Court's disposition of the motions in *Bismullah*, *Parhat*, and *Paracha*.

3. If the Court determines to rule on this motion at the present time, to issue the mandate, and not to preserve the *status quo* with respect to procedures, Appellees respectfully request that the Court, before issuing the

6

mandate, allow Appellees seven calendar days within which to apply to the Supreme Court for emergency relief.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

*/s/ David H. Remes /SMK*

David H. Remes
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Marc D. Falkoff
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043

Counsel for *Abdah* Appellees in Nos. 05-5115 and 05-5116, on behalf of all Appellees in the consolidated cases.

April 12, 2007
Washington, DC

## CERTIFICATE OF SERVICE

I hereby certify that today, April 12, 2007, I served the foregoing **Appellees' Motion to Govern and Reply to the Government's Opposition to Motion to Stay Issuance of the Mandate** on the following by filing an original and six copies with the Court Security Officer:

Peter D. Keisler
Jonathan F. Cohn
Douglas N. Letter
Robert M. Loeb
Catherine Y. Hancock
Civil Division, Room 7268
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530-0001

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>> /s/
Jason M. Knott
Attorney