Filed with Court Security Officer 6/25/07
DOJ cleared for public filing 6/26/07

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*, <br><br> *Petitioners*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents*. | **Civ. No. 05-01048 (RMU)** |
| **SAEED MOHAMMED SALEH HATIM**, *et al.*, <br><br> *Petitioners*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents*. | **Civ. No. 05-01429 (RMU)** |
| **HASSAN BIN ATTASH**, *et al.*, <br><br> *Petitioners*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents*. | **Civ. No. 05-01592 (RCL)** |

### NOTICE OF RECENT ACTIVITY IN GUANTÁNAMO CASES

Petitioners respectfully submit this notice of recent activity in Guantánamo cases in further support of their pending stay-and-abey motion and their opposition to the government's pending motion to dismiss. Most notably, the D.C. Circuit issued an order in *Al Ginco v. Bush*,

D.C. Cir. No. 06-5191, on June 7, 2007, making clear that this Court has jurisdiction to grant Petitioners' stay-and-abey motion and may deny the government's motion to dismiss. Recent activity in other Guantánamo cases offers additional support for this disposition of the motions.

First, a petition is pending in the D.C. Circuit seeking initial *en banc* hearing in *Hamdan v. Gates*. The petition asks the D.C. Circuit to overrule its decision in *Boumediene*. The D.C. Circuit considers the petition sufficiently substantial that it has ordered the government to file a response. Second, petitions are pending in the Supreme Court seeking rehearing of the Court's denial of certiorari in *Boumediene v. Bush*. The Supreme Court considers the rehearing petitions sufficiently substantial that it invited a response from the Solicitor General. Third, the D.C. Circuit is considering in *Bismullah v. Gates* and *Parhat v. Gates* the scope of judicial review of Combatant Status Review Tribunal (CSRT) decisions and protective order to govern cases brought in the D.C. Circuit under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, tit. X, 119 Stat. 2739 (2005).

A.   Al Ginco

In its *Al Ginco* order, issued on June 7, 2007, the D.C. Circuit (1) denied the government's motion to vacate this Court's orders requiring the government to provide the petitioners' counsel with advance notice of any intended removal of the petitioners from Guantánamo, and (2) denied the government's motion to dismiss the habeas petitions. The Court stated:

> The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

(Ex. 1.) The D.C. Circuit's order makes clear that this Court retains jurisdiction over this case unless and until this Court dismisses this case, and that this Court need not dismiss this case but may grant Petitioners' stay and abey motion.

**B.     Boumediene, Al Odah, and Paracha**

In *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), the D.C. Circuit ruled that the Military Commissions Act of 2006 (MCA), Pub. L. No. 109-366, 120 Stat. 2600 (2006), eliminated the jurisdiction of the federal courts to consider habeas actions by Guantánamo detainees, and that the Guantánamo detainees, as aliens outside the sovereign territory of the United States, lack constitutional rights and therefore lack standing to challenge the elimination of jurisdiction under the Suspension Clause. (*Boumediene* is consolidated with *Al Odah v. United States*.)

On March 5, 2007, the *Boumediene* and *Al Odah* petitioners filed certiorari petitions in the Supreme Court seeking review of the D.C. Circuit's judgment. S. Ct. Nos. 06-1195 & 06-1196. On April 2, 2007, the Supreme Court denied the petitions. 127 S.Ct. 1478 (2007). On April 27, 2007, the petitioners filed rehearing petitions and motions to defer consideration of those petitions pending the petitioners' exhaustion of their remedies under the DTA. On June 4, 2007, the Supreme Court invited the Solicitor General to file a response to the petitioners' motions, a step that required the support of at least five Justices. The Solicitor General filed his response on June 19, 2007. The petitioners filed replies on June 22, 2007. The *Al Odah* petitioners appended to their reply an affidavit of a retired military intelligence office who was involved in the CSRT process calling sharply into question the fairness of that process. (Ex. 2.)

On April 11, 2007, the *Boumediene* and *Al Odah* petitioners asked the D.C. Circuit to hold the cases in abeyance and stay the mandate pending the Supreme Court's disposition of their certiorari petitions. On June 20, 2007, the D.C. Circuit denied the motions to hold the case in abeyance and stay the mandate. *Boumediene v. Bush*, D.C. Cir. Nos. 05-5062 & 05-5063; *Al Odah v. United States*, D.C. Cir. No. 05-5064. (Ex. 3.) Under Fed. R. App. P. 41(b), the mandate is set to issue on June 27, 2007.

On April 9, 2007, in another Guantánamo appeal, the D.C. Circuit, citing *Boumediene*, ordered this Court to dismiss Paracha's habeas petition. *Paracha v. Bush*, D.C. Cir. No. 05-5194. On May 24, 2007, Paracha moved to stay the mandate pending his filing of a certiorari petition in the Supreme Court. On June 20, 2007, the D.C. Circuit denied the petitioners' motions to hold the case in abeyance and to stay issuance of the mandate. (Ex. 4.) Paracha's certiorari petition will be filed by July 9, 2007.

### C.     Hamdan

On December 13, 2006, this Court dismissed Hamdan's habeas petition challenging the jurisdiction-stripping and military commission provisions of the MCA. *Hamdan v. Rumsfeld*, 464 F. Supp. 2d 9 (D.D.C. 2006). On February 27, 2007, Hamdan filed a petition for certiorari before judgment in the Supreme Court. *Hamdan v. Gates*, S. Ct. No. 06-1169. On April 30, 2007, the Supreme Court denied the petition. On June 8, 2007, Hamdan moved in the D.C. Circuit for initial *en banc* hearing. On June 13, 2007, the D.C. Circuit *sua sponte* ordered the government to file a response to the petition. *Hamdan v. Gates*, D.C. Cir. No. 07-5042. The government's response is due by June 28, 2007. (Ex. 5.)

### D.     Ali

Also pending in the Supreme Court is an original habeas petition that directly challenges the MCA jurisdictional holding of the Court of Appeals. *In re Ali*, S. Ct. No. 06-1194. The Supreme Court considers the *Ali* petition sufficiently serious that it invited the Solicitor General to respond. In response, the Solicitor General moved to dismiss Ali's petition. On June 25, 2007, the Court granted Ali's motion to file under seal a response to the government's motion.

### E.     Bismullah and Parhat

On May 15, 2007, the D.C. Circuit heard argument in *Bismullah v. Gates*, D.C. Cir. No. 06-1197, and *Parhat v. Gates*, D.C. Cir. No. 06-1397, the first cases brought under the Detainee

Treatment Act of 2005. Among other things, the D.C. Circuit will consider the scope of judicial review of CSRT decisions under the DTA and the form of the protective order to govern DTA actions. The D.C. Circuit's decision may be relevant to this Court's consideration of any application by the government to vacate or modify the protective order that governs these habeas cases.

## CONCLUSION

For the foregoing reasons, and the reasons earlier set forth by Petitioners, this Court should grant Petitioners' stay-and-abey motion and deny the government's motion to dismiss.

Respectfully submitted,

/s/ David H. Remes
David H. Remes
D.C. Bar No. 370782
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004-2401
(202) 662-6000

Marc D. Falkoff
D.C. Bar. No. 491149
NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW
DeKalb, IL 60614
(347) 564-5043

Counsel for Petitioners

June 25, 2007
Washington, DC