UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULSALAM ALI ABDULRAHMAN
AL-HELA *et al.*,

       Petitioners/
       Plaintiffs,

v.

GEORGE W. BUSH *et al.*,

       Respondents/
       Defendants

Civil Action No.:  05-1048 (RMU)

Document Nos.:  4, 6

## MEMORANDUM ORDER

### GRANTING MOTION FOR STAY;
### GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER;
### ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS;
### DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

This matter comes before the court on the petitioners' motion for a temporary restraining order, the parties' consent motion for entry of a protective order, and respondents' motion to stay proceedings pending related appeals and for continued coordination. On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C.

1



EXHIBIT A

Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petitions prior to the D.C. Circuit issuing a ruling that will cover similar matters. Respondents' Mot. to Stay at 1-2. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 2.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

2

Accordingly, it is this 3rd day of June, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**FURTHER ORDERED** that the court **ENTERS** by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

**FURTHER ORDERED** that, in light of this order, the petitioners' motion for temporary restraining order and preliminary injunction is denied without prejudice as moot.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge
