IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*,<br><br>*Petitioners,*<br><br>*v.*<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents.* | Civ. No. 05-01048 (RMU) |
| **SAEED MOHAMMED SALEH HATIM**, *et al.*,<br><br>*Petitioners,*<br><br>*v.*<br><br>**GEORGE W. BUSH**, *et al.*,<br><br>*Respondents.* | Civ. No. 05-01429 (RMU) |

### DECLARATION OF BRENT T. STARKS

Brent T. Starks, being duly sworn, declares and states as follows:

1.  I am an associate in the New York office of the law firm of Covington & Burling LLP. I am licensed to practice law in the State of New York. Covington & Burling LLP, represents seventeen Yemeni nationals who are being detained as "enemy combatants" at the Guantánamo Bay Naval Base in Cuba. I submit this declaration in support of Petitioner's Motion for Reconsider and Vacate.

2.  I am currently scheduled to visit the Guantanamo Bay Naval Station on October 16-17, 2007. During this visit I plan to meet with our client Saeed Mohammed Saleh



Hatim. Mr. Hatim's habeas action was among those the Court dismissed on September 20, 2007. On September 21, 2007, counsel for Respondents informed Covington & Burling LLP by email that "Judge Urbina's September 20, 2007 Order dismissed Al Hela v. Bush (05-CV-1048) and Hatim v. Bush (05-CV-1429). In light of this development, counsel access (both legal mail and in-person visits) is no longer permitted under the terms of the now-dismissed district court counsel access regime. Accordingly, any further counsel access to petitioners must be governed by a jurisdictionally-appropriate protective order entered in a pending DTA case." (*see* Ex. B).

3. Application of the *Bismullah* Protective Order for Detainee Treatment Act ("DTA") cases would imperil my scheduled meeting with Saeed Mohammed Saleh Hatim because while Hatim has filed a DTA petition, a protective order has not yet been entered. Therefore, I will not be allowed to visit him. The cancellation of this meeting would prevent me from providing Hatim with legal counsel and advice regarding the status of his habeas petition and the appeal process under the DTA. This outcome would greatly prejudice Hatim by disrupting the attorney client relationship.

4. Further, application of the DTA Protective Order would eliminate my ability to communicate with Hatim through legal mail. We are currently preparing to send legal mail to all of our clients. However, according to Respondents we will be unable to send legal mail to Hatim because all counsel access to our client, including legal mail, is "no longer permitted" under the "now-dismissed district court counsel access regime." *See supra* ¶ 2. In Respondent's view, we are properly prohibited from having any communication with our client until a DTA petition is filed and we are governed by an jurisdictionally-appropriate protective order. Again, because no such Protective Order is currently in place, the immediate impact is to prevent me from communicating in any fashion with my client.

5. It is important to note that even if a DTA Protective Order were in place in and communication with Hatim were possible, the Protective Order itself would unreasonably limit my ability to communicate with client. For example, the DTA protective order potentially prohibits discussion of the status of our clients' habeas petitions and the forthcoming review of this issue by the United States Supreme Court. There can be no doubt that this is a subject directly related to our legal representation of all of our clients.

6. Ultimately, forcing habeas counsel to proceed under the DTA Protective Order threatens attorney-client relationships that have been forged through years of diligent communication and hard work. Therefore, in view of the harsh impact of this Court's dismissal order of September 20, 2007, I request that this Court grant Petitioner's Motion to Reconsider and Vacate.

Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/
_____
Brent T. Starks

Executed:   September 28, 2007
            New York, NY