IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*, )<br>)<br>*Petitioners*, )<br>)<br>*v.* )<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>*Respondents*. ) | Civ. No. 05-1048 (RMU) |
| **SAEED MOHAMMED SALEH HATIM** and **MOHAMMED NASSER YAHIA ABDULLAH KHUSSROF,** *et al.*, )<br>)<br>*Petitioners*, )<br>)<br>*v.* )<br>)<br>**GEORGE W. BUSH**, *et al.*, )<br>)<br>*Respondents*. ) | Civ. No. 05-1429 (RMU) |

**[PROPOSED] ORDER**

Petitioners are individuals imprisoned by the United States at Guantánamo Bay Naval Station, Cuba. Petitioners filed these habeas actions challenging their imprisonment. The Military Commissions Act of 2006 ("MCA") stripped the courts of jurisdiction to consider habeas cases brought by Guantánamo prisoners, and the D.C. Circuit held that Guantánamo prisoners have no right to challenge the MCA's elimination of jurisdiction over their habeas cases. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007). On September 20 and 21, 2007, this Court entered orders dismissing these and other Guantánamo habeas cases for lack of subject-matter jurisdiction on the basis of the D.C. Circuit's decision in *Boumediene*.

On September 25, 2007, petitioners filed motions requesting that this Court reconsider and vacate its orders dismissing these cases.

Respondents maintain that the dismissal of these cases rendered inoperative the protective order and counsel access rules entered by the Court in these habeas cases and the requirement established by the Court in these cases that respondents give counsel for petitioners thirty days' advance notice of any intended transfer of petitioners from Guantánamo ("Habeas Orders"). Respondents further maintain that petitioners' counsel may not visit or communicate with petitioners in the future unless counsel agree to the protective order and counsel access rules entered by the D.C. Circuit in *Bismullah v. Gates*, 2007 WL 2067938 (D.C. Cir. July 20, 2007), for cases brought under the Detainee Treatment act of 2005 ("DTA"). No order has been entered for DTA cases requiring respondents to give petitioners' counsel advance notice of any intended transfer of petitioners from Guantánamo.

Petitioners seek preliminary relief compelling respondents to comply with the Habeas Orders pending this Court's disposition of petitioners' motions to reconsider and vacate. The Court finds that petitioners satisfy the conditions for preliminary relief.

First, petitioners have shown that they will face irreparable injury if preliminary relief is denied. Petitioners' counsel, Mr. Starks, is scheduled to visit Mr. Hatim, one of the petitioners, at Guantánamo on October 16-17, 2007. Unless Mr. Starks agrees to the DTA protective order and counsel access rules, he will be unable to visit Mr. Hatim. Moreover, petitioners' counsel wish to send petitioners legal mail that would be subject to government inspection and censorship before delivery under the DTA protective order and counsel access rules. Finally, absent the Habeas Orders, petitioners would be subject to transfer from Guantánamo to other countries or secret overseas prisons where petitioners might be tortured or otherwise abused without prior opportunity for their counsel to be heard.

Second, petitioners have shown that the issues raised by their motions to reconsider and vacate are "so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *WMATC v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (citation omitted). As petitioners note, the Supreme Court has granted certiorari in *Boumediene*. The D.C. Circuit has recalled the mandates in that case and in *Kiyemba v. Bush*, No. 05-5487, and has deferred consideration of the government's motions to dismiss the above-captioned cases, among other cases, in *Abdah v. Bush*, No. 05-5224, pending the Supreme Court's disposition of *Boumediene*. Finally, eleven other judges of this Court have denied or deferred consideration of the government's motion to dismiss these actions. Petitioners also have shown a likelihood of success on their claim that the pendency of their motions to reconsider and vacate preserves the Habeas Orders in effect pending the Court's disposition of their motions. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 267 (1978); *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) (Urbina, J.); *Amer. Fed'n of Gov't Employees* v. *Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 133 F. Supp. 2d 75, 83 (D.D.C. 2001) (citing cases). *See also*, *e.g.*, *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005).

Third and fourth, because the government is compelled to comply with the Habeas Orders in scores of other Guantánamo habeas cases that have not been dismissed, the public interest will not be disserved, and the government will not suffer injury, if the requested relief is granted.

For the foregoing reasons, it is

ORDERED, that petitioners' motion for a temporary restraining order is GRANTED; and it is further

ORDERED, that respondents shall electronically file and serve any motion to dissolve the temporary restraining order not later than 4:00 p.m. on Tuesday, October 2, 2007; and it is further

ORDERED, that the Court shall hear oral argument on respondents' motion to dissolve at 10:00 a.m. on Wednesday, October 3, 2007.

_____
RICARDO M. URBINA
United States District Judge