# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **ABDULSALAM ALI** | ) | |
| **ABDULRAHMAN AL HELA**, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | Civ. No. 05-1048 (RMU) |
| *v.* | ) | |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| _____) | ) | |
| | ) | |
| **SAEED MOHAMMED SALEH** | ) | |
| **HATIM**, *et al.*, | ) | |
| | ) | |
| *Petitioners*, | ) | |
| | ) | Civ. No. 05-1429 (RMU) |
| *v.* | ) | |
| | ) | |
| **GEORGE W. BUSH**, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |
| _____) | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

1.      Petitioners respectfully attach an email dated October 2, 2007 from Shannon Llenza, a Department of Defense lawyer, to Brent Starks, petitioners' counsel.  In her email, Ms. Llenza informs Mr. Starks that he will not be permitted to meet with two of the petitioners (Messrs. Hatim and Khussrof) when he visits Guantánamo on October 16-17, 2007 unless he first agrees to the DTA protective order and counsel access rules.  (Ex. A.)  This email under-scores the urgency of petitioners' motions for preliminary relief.

2.      Petitioners also respectfully attach an order of Judge Kessler issued on October 2, 2007 in *Ruzathullah v. Gates*, Civ. No. 06-1707 (Doc. 32) (Ex. B).  The order is pertinent to peti-tioners' pending motions to reconsider and vacate and for preliminary relief.  In her order, Judge

Kessler granted the petitioner's motion to require the government to give the petitioner's counsel thirty days' advance notice of any intended transfer of the petitioner from the United States detention facility at Bagram Air Force Base, Afghanistan.

Judge Kessler stated that the Supreme Court's grant of certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir.), *cert. granted*, 127 S. Ct. 3078 (2007), and the D.C. Circuit's recall of its mandate in *Boumediene*, "cast a deep shadow of uncertainty" over the jurisdictional ruling in that case. *Id.* at 2-5. Judge Kessler concluded that this uncertainty and the balance of equities in the petitioner's favor warranted the grant of the interim relief to preserve the *status quo* pending the Supreme Court's disposition of *Boumediene*. *See id.* at 2, 5-6. Judge Kessler further noted:

> Our Court of Appeals has already declined to vacate decisions of this District Court granting such interim relief. *See Al Ginco v. Bush*, No. 06-5191, slip op. at 2 (D.C. Cir. June 7, 2007). That consolidated appeal considered the decision of a judge of this District Court to issue a 30-day notice order in order to protect the court's jurisdiction. Significantly, our Court of Appeals considered the validity of that 30-day notice order after issuance of its decision in *Boumediene*, and it declined to vacate the District Court ruling. *See id.* It may be inferred from that ruling that the Court has the power to grant the injunction requested in this case to preserve the status quo pending the Supreme Court's decision in *Boumediene*.

*Id.* at 5-6. *See* Pet'rs' Recon. Mot. 2-4.

Judge Kessler's order also supports, by analogy, petitioners' argument that preliminary relief is warranted because the pendency of their motions to reconsider and vacate render the Court's order dismissing these cases non-final, and the order therefore did not relieve the government of its obligation to comply with the Habeas Orders. Judge Kessler stated:

> [I]t is well-settled that an appellate decision is not final until the mandate is issued. Fed. R. App. P. 41(c) advisory committee's note, 1998 amendment ("A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."). Absent a mandate, whether because it has not yet issued or because it has been withdrawn, the court of appeals retains jurisdiction and the decision may be modified or rescinded. *See Deering Milliken, Inc. v. FTC*, 647 F.2d 1124, 1129 (D.C. Cir. 1978).

Order at 4. *See* Pet'rs' TRO Mot. and Mem. 3 & n.3.

Respectfully submitted,

/s/ David H. Remes
David H. Remes (D.C. Bar No. 370782)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
(202) 662-5212 (tel.)
(202) 778-5212 (fax)

*Counsel for Petitioners*

October 3, 2007
Washington, D.C.