IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULSALAM ALI ABDULRAHMAN AL HELA**, *et al.*, <br><br> *Petitioners*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents*. | Civ. No. 05-1048 (RMU) |
| **SAEED MOHAMMED SALEH HATIM**, *et al.*, <br><br> *Petitioners*, <br><br> *v.* <br><br> **GEORGE W. BUSH**, *et al.*, <br><br> *Respondents*. | Civ. No. 05-1429 (RMU) |

**PETITIONERS' REPLY TO RESPONDENTS'
OPPOSITIONS TO MOTIONS TO RECONSIDER AND
VACATE AND MOTIONS FOR PRELIMINARY RELIEF**

1.  The government argues that the Court, having decided to resolve the government's motions to dismiss, "had no choice but to rule as it did" and dismiss the cases. Recon. Opp. 2. That conclusion is incorrect. The D.C. Circuit has provided that this Court may dismiss these cases *or* hold them in abeyance. Order, *Al Ginco v. Bush*, No. 06-5191, at 2 (June 7, 2007). Other judges of this Court have rejected the government's conclusion. Recon. Mot. 4. *See also Ruzathullah*, Ex. B, Pet'rs' Not. of Supp'l Auth., *Al Hela* (Doc. 102), and *Hatim* (Doc. 92).

2.  The government also argues that the Court cannot "change course now." TRO Opp. 4-5. But the government undermines its own argument that the Court is powerless to com-

pel interim compliance with the Habeas Orders by acknowledging that the Court could stay its order dismissing these cases. TRO Opp. 7-8. The government also elevates form over substance in arguing that the Court could stay its order even if the pendency of petitioners' Rule 59(e) motion does not render the Court's dismissal order non-final. *Id.* It is the government that has resorted to "self-help," TRO Opp. 9, in disregarding the Habeas Orders while petitioners' reconsideration motions are pending.

3.     Nor in seeking reconsideration do petitioners rely on arguments that they could have made at an earlier stage. *See* TRO Opp. 4. Briefing on the government's motion to dismiss these cases concluded on May 1, 2007, *before* (1) the Supreme Court granted certiorari in *Boumediene*, (2) the D.C. Circuit withdrew its mandates in *Boumediene* and *Kiyemba* and withheld its mandate in *Paracha*, and (3) the other judges of this Court denied or deferred consideration of the government's motions to dismiss.[1] In light of these developments, Judge Collyer reconsidered and vacated her order dismissing the cases assigned to her. Recon. Mot. 4.[2]

4.     The government relies on cases that have no bearing on the instant motion. *Maxwell v. Snow*, 409 F.3d 354 (D.C. Cir. 2005), affirms that the decision of the first panel of a Court of Appeals to address an issue binds other panels that later face the same issue. The question here is whether this Court has latitude to stay rather than dismiss these cases. As discussed, the

---

[1]  *See* Gov't Reply to Opp. to Mot. to Dismiss, *Al Hela* (D.D.C. May 1, 2007) (Doc. 91), and *Hatim*, (D.D.C. May 1, 2007) (Doc. 75).

[2]  In opposing petitioners' motions for interim relief, the government relies on decisions of this court issued before the Supreme Court granted certiorari in *Boumediene*. *See* TRO Opp. 5 n.1 (citing *Hicks* and *Zalita* decisions). *Hamlily*, *see* TRO Opp. 12 n.6, addressed the D.C. Circuit's authority to issue 30-day notice orders under the DTA, not the District Court's authority to preserve its habeas jurisdiction). The government also ignores the fact that the D.C. Circuit has deferred consideration of the government's motion to vacate the 30-day notice orders and dismiss eleven of these cases. Recon. Mot. 3 (citing order in *Abdah v. Bush*, No. 05-5224).

Court has such latitude. *Deering Milliken, Inc. v. FTC*, 647 F.2d 1124 (D.C. Cir. 1978), affirms that a District Court lacks jurisdiction to alter a judgment of its own while an appeal from the judgment is pending. No appeal has been taken from this Court's order dismissing these cases.

## CONCLUSION

Petitioners' motions to reconsider and vacate, and their motions for preliminary relief, should be granted. Petitioners respectfully refer the Court to the proposed orders filed with their pending motions.

                    Respectfully submitted,

                    /s/ David H. Remes
                    David H. Remes (D.C. Bar No. 370782)
                    COVINGTON & BURLING LLP
                    1201 Pennsylvania Ave., N.W.
                    (202) 662-5212 (tel.)
                    (202) 778-5212 (fax)

                    *Counsel for Petitioners*

October 5, 2007
Washington, D.C.