**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY DETAINEE LITIGATION** | **Misc. No. 08-442 (TFH)**<br><br>**Civil Action Nos.**<br><br>02-CV-0828, 04-CV-1136, 04-CV-1164, 04-CV-1194, 04-CV-1254, 04-CV-1937, 04-CV-2022, 04-CV-2035, 04-CV-2046, 04-CV-2215, 05-CV-0023, 05-CV-0247, 05-CV-0270, 05-CV-0280, 05-CV-0329, 05-CV-0359, 05-CV-0392, 05-CV-0492, 05-CV-0520, 05-CV-0526, 05-CV-0569, 05-CV-0634, 05-CV-0748, 05-CV-0763, 05-CV-0764, 05-CV-0833, 05-CV-0877, 05-CV-0881, 05-CV-0883, 05-CV-0889, 05-CV-0892, 05-CV-0993, 05-CV-0994, 05-CV-0995, 05-CV-0998, 05-CV-0999, 05-CV-1048, 05-CV-1124, 05-CV-1189, 05-CV-1220, 05-CV-1236, 05-CV-1244, 05-CV-1347, 05-CV-1353, 05-CV-1429, 05-CV-1457, 05-CV-1458, 05-CV-1487, 05-CV-1490, 05-CV-1497, 05-CV-1504, 05-CV-1505, 05-CV-1506, 05-CV-1509, 05-CV-1555, 05-CV-1590, 05-CV-1592, 05-CV-1601, 05-CV-1602, 05-CV-1607, 05-CV-1623, 05-CV-1638, 05-CV-1639, 05-CV-1645, 05-CV-1646, 05-CV-1649, 05-CV-1678, 05-CV-1704, 05-CV-1725, 05-CV-1971, 05-CV-1983, 05-CV-2010, 05-CV-2083, 05-CV-2088, 05-CV-2104, 05-CV-2112, 05-CV-2185, 05-CV-2186, 05-CV-2199, 05-CV-2200, 05-CV-2249, 05-CV-2349, 05-CV-2367, 05-CV-2371, 05-CV-2378, 05-CV-2379, 05-CV-2380, 05-CV-2381, 05-CV-2384, 05-CV-2385, 05-CV-2386, 05-CV-2387, 05-CV-2398, 05-CV-2444, 05-CV-2477, 05-CV-2479, 06-CV-0618, 06-CV-1668, 06-CV-1674, 06-CV-1684, 06-CV-1688, 06-CV-1690, 06-CV-1691, 06-CV-1758, 06-CV-1759, 06-CV-1761, 06-CV-1765, 06-CV-1766, 06-CV-1767, 07-CV-1710, 07-CV-2337, 07-CV-2338, 08-CV-987, 08-1085, 08-CV-1101, 08-CV-1104, 08-CV-1153 |

**SCHEDULING ORDER**

Based upon the parties' representations during the hearing held on July 8, 2008, the

filings the Court received following the hearing, and the entire record herein, the Court enters the following schedule to initially govern this consolidated proceeding.

    1. **Status Reports**.  By July18, 2008, the parties shall each file concise reports summarizing the status of each case.  If applicable, counsel involved with multiple cases (versus multiple petitioners in a single case) may, solely for the purpose of submitting a single status report, consolidate their cases.

    2. **Joint Report**.  By July 21, 2008, petitioners and the government shall submit a joint report that:

        A.  includes a proposed amended protective order and a separate proposed protective order for use in cases involving "high-value detainees";

        B.  identifies duplicate petitions that were filed on behalf of a single individual, and addresses which of the duplicate petitions should be dismissed;

        C.  identifies petitioners currently detained at Guantanamo Bay, Cuba, whose cases were dismissed on jurisdictional grounds, and addresses whether the Court should vacate such dismissals;

        E. identifies petitioners who are cleared or authorized for release and the type of such release—e.g., whether the petitioner is authorized for release and the government is simply seeking a receiving country or whether the petitioner is authorized for release to detention in another country—and addresses any objection to consolidation of such cases before one Judge of this Court;

        F.  identifies all *Boumediene*-related motions to dismiss and motions to stay that are still pending, and addresses whether such motions are moot;

        G.  identifies all pending motions that are ripe for decision, and suggests the

appropriate time to address such motions and whether they are amenable to common resolution by the undersigned;

  H.  identifies the cases in which a stay was entered, and addresses whether the Court should lift all such stays;

  I.  identifies the cases in which an appeal or a petition for certiorari is pending; and

  J.  includes proposals on how the undersigned should conduct regular status conferences.

  K.  reports on any agreement for the government to provide unclassified portions of the CSRT records to petitioners who have had their CSRT reviews by July 31, 2008.

  3. **Simultaneous Briefing on Procedural Framework Issues**.  By July 25, 2008, counsel for petitioners and the government shall each file one brief addressing the following issues relating to the procedural framework in which these cases will be resolved and whether such issues are amenable to common resolution:

   A. the scope of discovery;

   B.  the standard for obtaining an evidentiary hearing;

   C.  the standard governing hearsay evidence;

   D.  the application of confrontation and compulsory process rights; and

   E.  the relevant standards of proof and burdens of production and persuasion, and any burden shifting.

  Counsel for petitioners and the government shall file responses by August 1, 2008.

  4.  **Factual Returns**.  Beginning with the earliest filed petitions of petitioners currently held at Guantanamo Bay, Cuba, the government shall file factual returns and motions to amend

factual returns on a rolling basis at a rate of at least 50 per month.[1]  The first 50 factual returns and motions to amend factual returns are due by August 29, 2008.  If the government wishes to amend a factual return, it shall move to amend and attach to its motion the proposed amended factual return.  The Court will allow amendment only where the government establishes cause for the amending.  Additionally, if the government believes that an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay the overall processing, the government shall move for an exception to the sequencing described above.  As with amendments, the Court will only allow exceptions where the government establishes cause.   Similarly, any petitioners who have extraordinary circumstances may move before this Court for an exception to the sequencing described above.

**SO ORDERED**.

July 11, 2008                                                                    /s/
                                                                    Thomas F. Hogan
                                                                    United States District Judge

---

[1] At this time pending further order of the Court, the government need not file factual returns or motions to amend factual returns for the approximately 20 detainees charged with war crimes under the Military Commissions Act of 2006.