IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **SAEED MOHAMMED SALEH HATIM**, | ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1429 (RMU) |
| **BARACK H. OBAMA**, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

### MOTION FOR STAY PENDING APPELLATE REVIEW

Respondents have appealed (*see* Dkt. No. 340) the Court's December 15, 2009 memorandum opinion and order (Dkt. Nos. 334 & 337), granting the writ of *habeas corpus*. Pending resolution of this appeal, Respondents hereby respectfully submit their motion for stay of the Court's order that the Government "take all necessary and appropriate steps to facilitate the release of the petitioner forthwith." (Dkt. No. 334.)

As discussed below, Respondents, on appeal, will present serious legal issues concerning the Executive's authority to detain individuals who are part of, or have substantially supported, al-Qaida or Taliban forces. If Petitioner Hatim is released to another country in compliance with the Court's order, appellate review would be foreclosed. In addition, ordering Petitioner's release at this time, in Respondents' view, would result in harm to national security and to the public interest. Respondents therefore request that the Court's order be stayed pending appellate review.[1]

---

[1] Pursuant to Local Civil Rule 7(m), Respondents' counsel conferred with counsel for Petitioner to ascertain his position with respect to this motion. Counsel for Petitioner represented that Petitioner opposes the motion.

**ARGUMENT**

In light of Respondents' decision to appeal from the Court's December 15, 2009 order, the irreparable injury that Respondents would suffer if that order was enforced pending resolution of their appeal, and the weighty issues presented in this case that must be resolved on appeal, Respondents respectfully seek a stay.  A stay pending appeal is appropriate where the moving party can show that (1) it will suffer irreparable injury absent a stay; (2) it has a substantial likelihood of prevailing on the merits of its appeal; (3) the non-moving party will not be harmed by the issuance of a stay; and (4) the public interest will be served by a stay.  *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003) (citing *Washington Metro. Area Transit Comm'n v. Holiday Tours, Ind.*, 559 F.2d 841, 843 (D.C. Cir. 1977)).  Respondents need not establish "an absolute certainty of success"; instead "[i]t will ordinarily be enough that the [movant] has raised serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation . . ." *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (*quoting Holiday Tours*, 559 F.2d at 844).  Under these standards, a stay pending appellate review is warranted here.

**I.      Respondents Will Suffer Irreparable Injury Absent The Stay.**

Respondents will suffer irreparable injury absent a stay of the Court's order. Respondents are seeking appellate review of the Court's decision in this case to grant the writ.  *See* Notice of Appeal (Dkt. No. 340).  Failure to grant a stay in this case ultimately would result in the transfer of Petitioner outside the jurisdiction of United States' courts and, therefore, result in the irreparable loss of the Government's ability to continue to detain Petitioner until the end of hostilities or such time as the Government determines

his transfer to be consistent with national security and the foreign policy of the United States.[2]  *See Population Inst.*, 797 F.2d at 1081 (holding that irreparable loss was established where the appellate court would be unable to grant effective relief in the absence of a stay pending appellate review).  The absence of a stay while the appeal is pending would tend to frustrate the purpose of the appeal, and, in the event of a reversal of the Court's order, to render the appellate court's decision of no effect and to cause irreparable injury to the United States.  *See id.*; *see also Al-Adahi v. Obama*, 2009 WL 4641758, at *2 (D.D.C.) (granting the Government's motion to stay the order granting the writ pending appeal, finding that "United States would suffer irreparable injury" if the order was not stayed).  If this case is not stayed pending appellate review and Petitioner Hatim is released to Yemen or to another country, the United States would almost certainly be unable to regain custody of him in the event that the Court of Appeals overturns this Court's grant of the writ.  The peremptory, court-ordered release from United States' custody of an individual whom the Government believes—and will argue on appeal—was part of al-Qaida and/or Taliban forces would significantly harm national security and is against the public interest.  *See Al-Adahi*, 2009 WL 4641758, at *2 (discussing public interest factor);

## II.     Respondents Have A Substantial Likelihood Of Prevailing On Appeal.

Respondents also have satisfied the likelihood of success criterion.  The Government respectfully suggests that the Court's decision presents serious questions about the evidentiary standard that the Government must meet in these Guantanamo

---

[2]  On January 5, 2010, the President addressed the Nation regarding the security situation in Yemen and stated that the United States will not transfer Guantanamo detainees back to Yemen for the time being.  *See* Remarks by the President on Security Reviews (Jan. 5, 2010), available at http://www.whitehouse.gov/the-press-office/remarks-president-security-reviews.

cases, about the manner in which the Government's evidence must be considered, and about whether the Government's evidence demonstrated Petitioner's detainability.

The Government believes its appeal will raise serious questions concerning the sorts of evidence by which it may carry its burden in this *habeas* litigation. Relying on the district court decisions in *Gherebi* and *Hamlily*, the Court held that the Government had to show that Petitioner Hatim was "part of the command structure" of al-Qaida or the Taliban in order to be subject to detention, and the Court then construed this standard to require evidence that Petitioner received and executed specific commands from al-Qaida leaders. *Hatim v. Obama*, 2009 WL 5191429, at *4 & n.3 (D.D.C.). The Government has good grounds to argue that this evidentiary requirement is unduly restrictive and inconsistent with the nature of that organization. Al-Qaida is a terrorist organization without the formal organization or command structure of a military force. Because al-Qaida and the Taliban do not operate with uniforms, membership cards or a formal hierarchical military structure, and instead purposefully attempt to disguise their members and structure, other Judges of this Court have determined that Respondents need not present specific evidence that "persons received and executed orders within the command structure of such an enemy force," *Hatim*, 2009 WL 5191429, at *4, to justify a petitioner's detention. *See Gherebi v. Obama*, 609 F. Supp. 2d 43, 69 (D.D.C. 2009); *Al-Odah v. Obama*, 648 F. Supp. 2d 1, 15 (D.D.C. 2009). Rather, courts must also consider functional, and often highly contextual, evidence that a person is "part of" al-Qaida or of Taliban forces. In particular, the day after the Court filed its opinion in this case, the Court of Appeals noted in *Al-Bihani v. Obama*, 590 F.3d 866 (D.C. Cir. 2010), that activities, such as Petitioner's, of staying at al-Qaida and Taliban guesthouses, and

training at al-Farouq, would "seem to overwhelmingly, if not definitively, justify the government's detention." 590 F.3d at 873 n.2.[3] Moreover, the Government respectfully suggests it has good grounds to argue that even under the more restrictive standard applied in this case, its evidence of Petitioner's role within the "command structure" of enemy forces was sufficient given that the Government introduced evidence showing specific commands to which Petitioner was subject at al-Farouq and at guesthouses. *See, e.g.*, Respondents' Merits Hearing Exhibit Nos. 12, 14, 17, 31, and 37.[4]

Furthermore, the Court of Appeals held in *Al-Bihani* that "purposeful and material support" of al-Qaida or the Taliban could support a petitioner's detention. 590 F.3d at 874. Because *Al-Bihani* is binding circuit precedent, it affords the Government another possible ground for appeal in this case.

In light of the foregoing, the Government respectfully submits that these are serious legal issues going to the merits for appeal in this case that would justify a stay pending such appeal.

### III.   Any Potential Harm To Petitioner Hatim Does Not Outweigh The Need For A Stay.

The Government acknowledges that a stay during appellate proceedings would work to harm Petitioner Hatim to the extent he remains in detention. In the Government's view, however, the balance favors a stay given that Petitioner's release

---

[3] Petitioner additionally stayed at the rear lines near Bagram.

[4] The Government believes it has good grounds to argue that the evidence in the record must be viewed as a whole and cannot be rejected by a piecemeal analysis of the evidence. *See generally Hatim*, 2009 WL 5191429, at *7 - *16. Courts must consider the totality of the evidence, including evidence that seems insignificant in isolation; even in the criminal context, "most convictions result from the cumulation of bits of proof which, taken singly, would not be enough in the mind of a fair minded person * * * [a]ll that is necessary, and all that is possible, is that each bit may have enough rational connection with the issue to be considered a factor contributing to an answer." *U.S. v. Pugliese*, 153 F.2d 497, 500 (2d Cir. 1946) (L. Hand, J.).

would moot the appeal and that his court-ordered release would harm national security and the public interest. Moreover, an expedited briefing schedule is already in place in this appeal,[5] and the Court of Appeals is routinely expediting argument in these Guantanamo Bay *habeas* cases. Thus, in light of the serious irreparable harm to the United States and to the public interest if a stay is not granted, any potential for harm to Petitioner Hatim as a result of continued detention during appellate proceedings does not outweigh the need for a stay.

## IV.     The Public Interest Supports A Stay Pending Appeal.

The public interest will be served by a stay pending appellate review. The issues implicated by the Court's opinion are of a particular importance to the public interest, as they concern the Executive's authority to detain individuals who are part of, or have substantially supported, al-Qaida or Taliban forces. The public interest would be disserved if a stay is denied and Respondents' appeal was effectively foreclosed, denying the Court of Appeals the opportunity to provide guidance on the showing the Government must make to establish its detention authority. A stay to allow the Court of Appeals to address the issue presented in this case is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (noting propriety of a stay in cases "of extraordinary public moment"); *see also Al-Adahi*, 2009 WL 4641758, at *2 (finding "significant benefit in having the Court of Appeals clarify the evidentiary issues" on appeal in this *habeas* litigation); *cf. also Nken v. Holder*, 129 S. Ct. 1749, 1762 (2009) (recognizing a merger of the factors of harm and the public interest when the Government is a party).

In addition, the public interest in national security and in the effectuation of the right to appeal also weigh heavily in favor of staying the implementation of the Court's

---

[5]   Opening briefs are due April 12, 2010.

order. As discussed above, if Petitioner Hatim is released from U.S. custody and from U.S. jurisdiction, the Court of Appeals would be unable to grant effective relief.

## CONCLUSION

For the aforementioned reasons, the Court should grant Respondents' motion for stay pending appellate review.

Dated: March 19, 2010
                             Respectfully submitted,

                                           TONY WEST
                                           Assistant Attorney General

                                           JOSEPH H. HUNT
                                           Branch Director

                                           TERRY M. HENRY
                                           JAMES J. GILLIGAN
                                           Assistant Branch Directors

                                           _/s/ Ryan G. Lee_____
                                           ANDREW I. WARDEN
                                           STEPHEN FINN
                                           RYAN G. LEE
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Avenue, N.W.
                                           Washington, DC  20530
                                           Tel.: (202) 305-8900

                                           *Attorneys for Respondents*